MARVIN W. GRIFFIN v. THE BOARD OF COMMISSIONERS OF THE LAW ENFORCEMENT OFFICERS' BENEFIT AND RETIREMENT FUND

No. 8626SC521

(Filed 17 February 1987)

**Pensions § 1— disability retiree employed—reduction in benefits—statute applicable to plaintiff**

A 1980 amendment to N.C.G.S. § 143-166(y) which required defendant to determine whether disability retirees were gainfully employed and to reduce the benefits of those who were under a schedule which was set forth applied to plaintiff whose retirement became effective 1 September 1981, and there was no merit to plaintiff's argument that he was eligible to retire on disability earlier than he did and that he therefore should not have been subjected to the terms of the statute.

APPEAL by plaintiff from *Saunders, Chase B., Judge.* Judgment entered 10 January 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1986.

*Boyle, Alexander, Hord and Smith, by Norman A. Smith, for plaintiff appellant.*

*Attorney General Thornburg, by Assistant Attorney General Norma S. Harrell, for defendant appellee.*

PHILLIPS, Judge.

In September 1981 plaintiff, a retired Mecklenburg County law enforcement officer, began receiving disability retirement payments from the Law Enforcement Officers' Benefit and Retirement Fund established by G.S. 143-166, *et seq.* Because he had certain other earnings during 1982, in April 1983 defendant demanded, under the authority of G.S. 143-166(y), that plaintiff return a certain amount of the money that he received from the fund that year. Plaintiff paid the sum demanded under protest and brought this suit to recover it. In the complaint he alleged only that the provisions of G.S. 143-166(y) relied upon by defendant do not apply to him because his retirement rights had vested before those provisions were enacted, and that if the provisions are interpreted to affect his benefits they are unconstitutional. Judge Saunders overruled both contentions after hearing the matter on stipulated facts, the most pertinent of which follow:

Before 1980 G.S. 143-166, *et seq.*, the statutes governing the Law Enforcement Officers' Benefit and Retirement Fund, contained no provision reducing the benefits of disability retirees because they worked and earned other monies. In February 1979 while on duty as a Mecklenburg County police officer plaintiff fell and sustained an injury to his shoulder. Though he returned to work on 21 March 1979 he continued to have problems with the injured shoulder, and was unable to work at various times thereafter because of it. On 1 March 1980 his shoulder required surgery and he was not able to work until 26 September 1980 when he returned to light duty as a dispatcher. About 16 December 1980 plaintiff's shoulder was operated on again and he has not worked as a law enforcement officer since then, either on light or regular duty. During the months following this latter surgery plaintiff's shoulder did not materially improve and he was examined by his doctor several times, one of which was on 4 June 1981. At that time he and the doctor discussed as possibilities plaintiff either retiring as disabled or of undergoing another operation, and the doctor told him they would discuss the matter further the next time he was examined. When plaintiff went to the doctor on 9 July 1981 the shoulder was still not functioning properly and he told the doctor he had applied for disability retirement on 15 June 1981 and the doctor said he would agree to it. In the application, later supported by a certificate from the

doctor that plaintiff was disabled because of the injured shoulder, plaintiff requested that his retirement be effective 1 September 1981. In due course the application was approved as submitted and plaintiff was so notified by a letter from the fund dated 11 September 1981. The letter also stated that the fund's medical board was of the opinion that his condition could improve to the point of him being able to again perform the duties of a law enforcement officer, and that his status would be re-evaluated a year later. In the meantime, on 24 June 1980, the General Assembly amended G.S. 143-166(y) to require the defendant board to determine whether disability retirees were gainfully employed and to reduce the benefits of those that were under a schedule that was set forth and that is not in dispute. The act became "effective on July 1, 1980, for employees retiring on or after July 1, 1980," but for employees retiring prior to July 1, 1980, it became effective on July 1, 1981. The statute was further amended on the 8th day of October 1981, effective upon ratification, to make it applicable only to those disability beneficiaries "who retired after July 1, 1981."

Quite plainly, it seems to us, the judgment appealed from was correct and we affirm it. Contrary to plaintiff's argument, G.S. 143-166(y) as amended cannot be properly interpreted as not applying to him. The enactment is not ambiguous; its application is expressly determined by the retirement date of each employee involved and the date of plaintiff's retirement clearly subjected him to the terms of the act. Plaintiff's argument, that he was permanently disabled almost from the time of his injury, and thus eligible to retire on disability earlier than he did, is unavailing. Under the statute his rights were established not by his condition at a certain time, which is debatable, but by the date of his retirement, which is not. Thus, we see no basis for plaintiff's argument that applying the act to him violates his constitutional rights. The legislation that first reduced the benefits of future disability retirees who work and earn money was enacted in 1980, more than a year before plaintiff retired, and we know of no authority for the proposition that plaintiff's retirement rights vested before then. The decisions that plaintiff relies upon involved employees whose benefits were reduced *after* their retirement, which is not plaintiff's situation, and a discussion of those authorities would serve no purpose. Nor was plaintiff adversely affected by the sec-

ond amendment to G.S. 143-166(y), enacted after his retirement. The first amendment to G.S. 143-166(y) which, under the conditions above stated, reduced the benefits of law enforcement officers who retired on disability after July 1, 1980 was still in effect when plaintiff retired on September 1, 1981; and the later amendment did only two things, neither of which is constitutionally impermissible. It continued his status established by the prior enactment as a retiree that was accountable for his future earnings and it increased the amount of money that plaintiff could earn without penalty.

Affirmed.

Judges PARKER and COZORT concur.